FILED 3:05-CV-112(EBB)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT  2005 JAN 20  P 2: 04

| | |
|---|---|
| UNITED STATES OF AMERICA | : U.S. DISTRICT COURT  156 |
| vs. | : CRIMINAL NO. 3:03CR15(EBB) |
| CHARLES COLEMAN | : |

### DEFENDANT'S MOTION TO VACATE, SET ASIDE AND CORRECT SENTENCE

Comes now the defendant, Charles Coleman, through counsel to respectfully move the Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside and correct his sentence of 13 months of incarceration imposed on November 30, 2004. In support of this motion, the defendant relies upon the record of his sentencing proceedings and upon the memorandum of law below.

Respectfully submitted,

The Defendant,
Charles Coleman

Thomas G. Dennis
Federal Defender

Dated: January 19, 2005

Gary D. Weinberger
Asst. Federal Defender
10 Columbus Blvd, FL 6
Hartford, CT 06106-1976
Bar No. ct05085
(860) 493-6260

### MEMORANDUM OF LAW

1. Statement Of The Case

Charles Coleman appeared for sentencing in the above-captioned case on November 30, 2004. The parties concurred that the Court had discretion to depart from the otherwise applicable Guidelines incarceration range. The parties furthermore concurred that Mr. Coleman appeared to be an ideal candidate for the Federal Bureau of Prisons Intensive Confinement Center ("boot camp") program. The Federal Bureau of Prisons' Program Statement states that, consistent with 18 U.S.C. § 4046(a), in order to participate in the program a defendant must be "sentenced to more than 12, but not more than 30,

- 2 -

months" of incarceration. The Federal Bureau of Prisons' Program Statement further explained that with a sentence of 13 months (i.e., the lowest sentence possible to comport with the requirement of a sentence of more than 12 months), the defendant would actually only serve a sentence of 6 months of incarceration. Mr. Coleman asked for a sentence of 13 months in reliance upon those provisions. This Court imposed a sentence of 13 months in reliance upon those provisions. The Court ruled that Mr. Coleman was to surrender for service of the six months portion of his sentence on February 11, 2005, in reliance upon the statement of the Federal Bureau of Prisons that such a surrender date would coincide with the commencement of the February boot camp. Mr. Coleman obtained a leave of absence from his job for 6 months from February through August in reliance upon those provisions. The Federal Bureau of Prisons, suddenly and without warning,[1] announced on January 5, 2005, that the boot camp program is being abolished. Mr Coleman is thus faced with having to serve the full 13 months sentence (less 54 days of "good time"). By this motion, he is seeking to vacate, set aside and correct his sentence of 13 months of incarceration imposed on November 30, 2004, to the sentence that the Court intended, that is, 6 months of incarceration. The Government, under the circumstances, is not opposed.

2.   28 U.S.C. § 2255 Is The Correct Procedural Mechanism To Correct The Sentence

28 U.S.C. § 2255 provides in pertinent part that a defendant who is "under sentence of a court ... that is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." The sentence in the case at bar is ripe for collateral attack because this Court has otherwise lost jurisdiction. See United States v. Burd, 86 F.3d 285 (2d Cir. 1996). The Second Circuit Court of Appeals held in United States v. Malcolm, 432 F.2d 809, 816-19 (2d Cir. 1970), that "material false assumptions as to any facts relevant to sentencing renders the entire sentencing procedure invalid as a violation of due process" which is appropriately addressed in an action to vacate, set aside or correct under 28 U.S.C. § 2255.

---

[1] The undersigned counsel had spoken with a representative of the Federal Bureau of Prisons in Philadelphia prior to sentencing regarding the next start-up date for the boot camp. That individual did not know at that time that the program was soon to be eliminated.

- 3 -

Respectfully submitted,

The Defendant,
Charles Coleman

Thomas G. Dennis
Federal Defender

Dated: January 19, 2005

Gary D. Weinberger
Asst. Federal Defender
10 Columbus Blvd, FL 6
Hartford, CT 06106-1976
Bar No. ct05085
(860) 493-6260

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Motion has been mailed to Ramond F. Miller, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, on this 19 day of January 2005.

Gary Weinberger